Lawrence P. Eagel (LE4505)
Justin A. Kuehn (JK5853)
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Avenue – Suite 3040
New York, NY 10022
Tel.: (212) 308-5858
Fax: (212) 486-0462
eagel@bragarwexler.com
kuehn@bragarwexler.com
*Attorneys for Plaintiffs*

UNITES STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In Re: <br><br> LEHMAN BROTHERS HOLDINGS INC., et al. <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13555 (JMP) <br> (Jointly Administered) |
|---|---|
| MARK MAZZATTA and MICHELE McHUGH-MAZZATTA, <br><br> Plaintiff, <br><br> v. <br><br> LEHMAN BROTHERS OTC DERIVATIVES INC., LEHMAN BROTHERS INC., LEHMAN BROTHERS HOLDINGS, INC., and JPMORGAN CHASE BANK, N.A., <br><br> Defendants. | Adversary Proceeding <br><br> Case. No. |

## COMPLAINT

Plaintiffs Mark Mazzatta and Michele McHugh-Mazzatta (collectively "Plaintiffs"), by their attorneys Bragar Wexler Eagel & Squire, P.C., complaining of defendants Lehman Brothers OTC Derivatives Inc. ("LOTC"), Lehman Brothers Inc. ("LBI"), Lehman Brothers Holdings, Inc. ("LBHI"), and JPMorgan Chase Bank, N.A. ("JPMorgan"), allege, upon information and belief, as follows:

## Preliminary Statement

1. This is an action for declaratory judgment, injunctive relief, damages, and imposition of a constructive trust based on the parties' rights and obligations under a Master Agreement dated October 12, 2007 between LOTC and Plaintiffs and the Schedule and Credit Support Annex (the "CSA") thereto (collectively referred to as the "Master Agreement"), the Guarantee of Lehman Brothers Holdings Inc. (the "Guarantee," which is contained in the Master Agreement), and the Confirmation dated November 12, 2007 (the "Confirmation").

2. Pursuant to the Master Agreement and the Confirmation, Plaintiffs delivered AAA rated Municipal Bonds with a market value of more than $607,000 (the "Bonds") and over $900,000 in cash (the "Cash") (collectively the "Collateral") to LBI as agent for LOTC. As of August 31, 2008, the Collateral was valued at $1,689,021.35 based on account statements, composed of Bonds having a value of $719,164.37 and $969,856.98 in cash. Upon information and belief, the Bonds are in a segregated account in Plaintiffs' name at LBI, and the Cash is in a segregated account at JPMorgan, A/C # 066626277.

3. On September 15, 2008, an Event of Default[1] occurred under the terms of the Master Agreement. Subsequently, Plaintiffs delivered a Notice of Default to LOTC. As a result, LBI, LOTC, and LBHI are obligated to comply with the terms of the Master Agreement and applicable law, and immediately return the Collateral to Plaintiffs. Despite repeated requests to LOTC, and no legal or contractual basis for delay, LBI, LOTC, and LBHI have failed to deliver the Collateral to Plaintiffs.

---

[1] Capitalized terms that are not otherwise defined herein have the meanings as ascribed to the in the Master Agreement and the Confirmation.

2

## Jurisdiction and Venue

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 & 1334(b).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), and (O).

6. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1409(a).

7. This is an action under §§ 555, 559, and/or 560 of the United Stated Bankruptcy Code, and, therefore, the automatic stay provision of § 362 of the Bankruptcy Code does not bar the prosecution of this action.

## The Parties

8. Plaintiff Mark Mazzatta is an individual residing at 11 Andreann Drive, Annandale, NJ 08801.

9. Plaintiff Michele McHugh-Mazzatta is an individual residing at 11 Andreann Drive, Annandale, NJ 08801. Plaintiffs Mark Mazzatta and Michele Mchugh-Mazzatta are husband and wife.

10. Defendant LOTC is a corporation formed under the laws of Delaware and has it principal place of business at 745 Seventh Avenue, New York, NY 10019. LBHI owns 100% of the equity of LOTC. On October 3, 2008, LOTC filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking relief under Chapter 11 of the United Stated Bankruptcy Code.

11. Defendant LBI is a corporation formed under the laws of Delaware and has its principal place of business at 745 Seventh Avenue, New York, NY 10019. LBI was a

3

broker-dealer registered with the United States Securities Exchange Commission Futures Trading Commission, a member of the Financial Industry Regulatory Authority, and a member of the Securities Investor Protector Corporation. On or about September 19, 2008, a liquidation proceeding under the Securities Investor Protection Act of 1970 ("SIPA") was commenced against LBI. Pursuant to the court order commencing the SIPA proceeding (the "SIPA Order"), James W. Giddens was appointed as trustee to administer LBI's estate.

12. Defendant LBHI is a corporation formed under the laws of Delaware and has its principle place of business at 745 Seventh Avenue, New York, NY 10019. On September 15, 2008, LBHI filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking relief under Chapter 11 of the United States Bankruptcy Code.

13. Defendant JPMorgan is national association and has its principle place of business at 270 Park Avenue, New York, NY 10166.

### Background Facts

14. The Transaction that Plaintiffs entered into with LOTC is known as a "call spread collar." In the Transaction, LOTC sold to Plaintiffs a put option with a strike price of $30.46 ("Put Price") on shares of Accenture LTD ("ACN") and a call option of $67.01 ("High Call") on shares of ACN, and Plaintiffs sold to LOTC a call option with a strike price of 51.94 ("Low Call") on shares of ACN. Plaintiffs entered into the Transaction to ensure that they would receive no less than the Put Price for their shares of ACN, in return giving up value between the Low Call and the High Call. The Transaction is documented by the Master Agreement and the Confirmation.

4

15. LOTC and Plaintiffs are parties to the Master Agreement. LOTC and Plaintiffs are also parties to the Confirmation. LBI is listed as LOTC's agent for the Transaction in the Confirmation.

16. In the Transaction, LBHI guaranteed the "punctual payment of all amounts payable" by LOTC to Plaintiffs.

17. Pursuant to the Schedule to the Master Agreement, LBHI is designated as Credit Support Provider to LOTC and delivered the Guarantee.

18. As required by the Transaction, Plaintiffs' delivered the Collateral to LBI as agent for LOTC.

19. The CSA (which is part of the Master Agreement) requires the immediate return of all collateral provided by a Pledging Party, plus interest thereon, upon the occurrence or designation of an "Early Termination Date" resulting from an "Event of Default" by the Secured Party.

20. Under the Master Agreement, an Event of Default occurs, *inter alia*, when one of the parties, or any Credit Support Provider of a party, "becomes insolvent or is unable to pay its debts or fails or admits in writing its inability generally to pay its debts as they become due" or "seeks or becomes subject to the appointment of an administrator, provisional liquidator, conservator, receiver, trustee, custodian or other similar official for it or for all or substantially all of its assets."

21. Upon the occurrence of an Event of Default, the non-defaulting party may designate an Early Termination Date in respect to the Transaction.

22. On September 15, 2008, LBHI filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking relief under Chapter 11 of the

United States Bankruptcy Code (the "Filing"). As a result of the Filing, an Event of Default occurred under the Master Agreement and LOTC became a defaulting party.

23. On September 22, 2008, as a result of the Event of Default that occurred by virtue of the Filing, Plaintiffs sent a letter to Allyson Carine (a) notifying LOTC that the Filing constituted an Event of Default, (b) designating September 22, 2008 as an Early Termination Date, and (c) demanding immediate return of the Collateral (the "September 22 Notice").

24. Under the terms of the Master Agreement (more specifically, the CSA), LOTC, LBI as agent to LOTC, and LBHI as guarantor were obligated to immediately return the Collateral to Plaintiffs.

25. As a result of Plaintiffs' delivery of the September 22 Notice designating September 22, 2008 as the Early Termination Date and the occurrence of the Event of Default by virtue of the Filing, Plaintiffs own all rights, title, and interest in and entitlement to the Collateral, and the Defendants have no right, title, or interest in or entitlement to the Collateral.

26. As a result, Plaintiffs are entitled to immediate access to and possession of the Collateral and the Defendants are obligated to deliver the Collateral to Plaintiffs.

27. Despite Plaintiffs' demand for the return of the Collateral, LOTC, LBI, and LBHI have wrongfully refused to return the Collateral to Plaintiffs.

28. Defendants' failure to return the Collateral to Plaintiffs is causing irreparable harm to Plaintiffs.

## COUNT I

### (Breach of Contract against LOTC, LBI, and LBHI)

29. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as if fully set forth herein.

30. LOTC, LBI, and LBHI have breached and are continuing to breach their obligations by failing and refusing to deliver the Collateral to Plaintiffs.

31. Plaintiffs have been damaged as a result of the breach by LOTC, LBI, and LBHI.

32. LOTC's, LBI's, and LBHI's breach of the Master Agreement including the CSA and Guarantee, is a direct and proximate cause of Plaintiffs' damages.

33. LOTC, LBI, and LBHI have no contractual or legal right to retain the Collateral in their possession, custody, or control.

34. By reason of the foregoing, Plaintiffs are entitled to specific performance and judgment against LOTC, LBI, and LBHI to immediately deliver the Collateral.

35. In addition, by reason of the foregoing, Plaintiffs are entitled to an award of monetary damages in an amount to be determined at trial.

## COUNT II

### (Conversion against all Defendants)

36. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as if fully set forth herein.

37. The Collateral does not constitute property of the Defendants.

7

38. The Defendants' refusal to comply with Plaintiffs' demand to deliver the Collateral to Plaintiffs constitutes unlawful dominion by the Defendants over Plaintiffs' property.

39. Despite Plaintiffs' demand to the Defendants to deliver the Collateral to Plaintiffs, the Defendants continue to interfere with the superior property rights of Plaintiffs in and to the Collateral.

40. Therefore, Plaintiffs are entitled to judgment against the Defendants directing the Defendants to immediately deliver the Collateral to Plaintiffs.

41. In addition, by reason of the foregoing, Plaintiffs are entitled to an award of monetary damages in an amount to be determined at trial.

## COUNT III

### (Replevin against all Defendants)

42. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as if fully set forth herein.

43. Pursuant to the terms of the CSA, the designation of September 22, 2008 as the Early Termination Date under the Master Agreement triggered an obligation on the part of LOTC, LBI, and LBHI to immediately return the Collateral to Plaintiffs. As such, Plaintiffs are entitled to immediate possession of the Collateral.

44. Plaintiffs have a superior right of possession than Defendants with regard to the Collateral.

45. Defendants have wrongfully retained possession of the Collateral by failing and refusing to immediately return the Collateral to Plaintiffs upon Plaintiffs designation

of September 22, 2008 as the Early Termination Date under the Master Agreement and Plaintiffs' demand to deliver the Collateral to Plaintiffs.

46. By reason of the foregoing, Plaintiffs are entitled to a judgment against Defendants directing the Defendants to immediately deliver the Collateral to Plaintiffs.

47. In addition, by reason of the foregoing, Plaintiffs are entitled to an award of monetary damages in an amount to be determined at trial.

## COUNT IV

### (Unjust Enrichment against all Defendants)

48. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as if fully set forth herein.

49. The Defendants are in possession, custody, or control of the Collateral.

50. The Defendants do not have legal or equitable right, title, or interest in the Collateral.

51. Despite due demand by Plaintiffs for immediate return of the Collateral, Defendants unlawfully and improperly continue to withhold or delay return of the Collateral to Plaintiffs.

52. As a result of Defendants' failure to immediately return Plaintiffs the Collateral, which is the sole and absolute property of Plaintiffs, Defendants have been unjustly enriched. In equity and good conscience, the Collateral should be returned to Plaintiffs.

53. By reason of the foregoing, Plaintiffs are entitled to a judgment against Defendants directing the Defendants to immediately deliver the Collateral to Plaintiffs.

54. In addition, by reason of the foregoing, Plaintiffs are entitled to an award of monetary damages in an amount to be determined at trial.

## COUNT V

### (Constructive Trust against all Defendants)

55. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as if fully set forth herein.

56. The Defendants do not own the Collateral.

57. The Defendants would be unjustly enriched if they were permitted to continue to retain the Collateral.

58. Further, the Defendants have violated their duties to Plaintiffs by refusing to comply with Plaintiffs' demand to deliver the Collateral to Plaintiffs, and by improperly retaining the Collateral in their possession.

59. As a consequence of Defendants' actions, the Court should impose a constructive trust in favor of Plaintiffs on the Collateral in the possession of the Defendants.

## COUNT VI

### (Declaratory Judgment against all Defendants)

60. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as if fully set forth herein.

61. A substantial an actual controversy exists between Plaintiffs and Defendants regarding the subject matter of this action.

62. As a result of Plaintiffs' delivery of the September 22 Notice designating September 22, 2008 as the Early Termination Date and the occurrence of the Event of

10

Default by virtue of the Filing, Plaintiffs own all rights, title, and interest in and entitlement to the Collateral, and the Defendants have no right, title, or interest in or entitlement to the Collateral.

63. As a result of Plaintiffs' delivery of the September 22 Notice designating September 22, 2008 as the Early Termination Date and the occurrence of the Event of Default by virtue of the Filing, Plaintiffs are entitled to immediate access to and possession of the Collateral, and the Defendants are obligated to deliver the Collateral to Plaintiffs.

64. The Defendants have refused and continue to refuse to deliver the Collateral to Plaintiffs.

65. By refusing to comply with Plaintiffs' demand to deliver the Collateral, the Defendants created an actual, justiciable controversy between Plaintiffs and Defendants, which may be heard by this Court pursuant to 28 U.S.C. § 2201.

66. Therefore, this Court should issue an order declaring that: (i) the Collateral is property of the Plaintiffs, (ii) Plaintiffs are entitled to immediate access to and possession of the Collateral, and (iii) Defendants are obligated to immediately deliver the Collateral to Plaintiffs, and granting such other and further relief as may be necessary to enforce Plaintiffs' rights in the Collateral.

## COUNT VII

### (Injunctive Relief against all Defendants)

67. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as if fully set forth herein.

68. The failure and refusal by Defendants to deliver the Collateral to Plaintiffs is causing irreparable harm to Plaintiffs.

69. Plaintiffs are likely to succeed on the merits of the claims asserted herein.

70. Plaintiffs do not have an adequate remedy at law.

71. The balance of equities favors Plaintiffs, as the Collateral is Plaintiffs' property and is not the property of Defendants.

72. Therefore, Plaintiffs are entitled to an injunction: (i) directing Defendants to immediately deliver the Collateral to Plaintiffs, and (ii) enjoining Defendants from transferring the Collateral to any person or entity other than Plaintiffs

## COUNT VIII

### (Relief from Stay)

73. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as if fully set forth herein.

74. The relief sought herein is not subject to stay provided for in Sections 362(b)(6), 362(b)(7), 362(b)(17), 361(b)(27), 555, 556 559 560 and/or 561 of the Bankruptcy Code, or as set forth in the SIPA Order.

75. Nonetheless, out of an abundance of caution, Plaintiffs seek relief from the stay to the extent necessary to pursue the relief requested in this Complaint and to obtain possession of the Collateral.

76. For the reasons stated herein, cause exists for relief from the stay to the extent such relief is required.

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. for declaratory relief that: (i) the Collateral is property of Plaintiffs, (ii) Plaintiffs are entitled to immediate access to and possession of the Collateral, and (iii) Defendants are obligated to immediate deliver the Collateral to Plaintiffs;

b. for injunctive relief: (i) directing that Defendants immediately deliver the Collateral to Plaintiffs, and (ii) enjoining Defendants form transferring the Collateral to any person of entity other than Plaintiffs;

c. on Plaintiffs' breach of contract claim, directing LOTC, LBI, and LBHI to immediately deliver the Collateral to Plaintiffs, and for damages against LOTC, LBI, and LBHI in an amount to be determined at trial;

d. on Plaintiffs' conversion claim, directing Defendants to immediately deliver the Collateral to Plaintiffs, and for damages against Defendants in an amount to be determined at trial;

e. on Plaintiffs' replevin claim, directing Defendants to immediately deliver the Collateral to Plaintiffs, and for damages against Defendants to be determined at trial;

f. on Plaintiffs' unjust enrichment claim, directing Defendants to immediately deliver the Collateral to Plaintiffs, and for damages against Defendant to be determined at trial;

g. for the imposition of a constructive trust upon the Collateral retained by Defendants;

h. for relief from the stay to the extent such relief is required; and

i. for such other and further relief, including interest, costs, disbursements, and attorneys' fees, as the Court may deem just and proper.

13

Dated: New York, NY
March 24, 2009

                                                  BRAGAR WEXLER EAGEL & SQUIRE, P.C.

                                                  By: s/Lawrence P. Eagel
                                                         Lawrence P. Eagel (LE4505)
                                                         Justin A. Kuehn (JK5853)
                                                885 Third Avenue – Suite 3040
                                                New York, NY 10022
                                                Tel.: (212) 308-5858
                                                Fax: (212) 486-0462
                                                eagel@bragarwexler.com
                                                kuehn@bragarwexler.com

                                                *Attorneys for Plaintiffs*